# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **L.J. and C.L.**

**No. 16-0646** (Barbour County 15-JA-32 & 15-JA-39)

**FILED**

**December 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.W., by counsel Erika Klie Kolenich and Melissa T. Roman, appeals the Circuit Court of Barbour County's June 1, 2016, order terminating her parental rights to eighteen-year-old L.J. and twelve-year-old C.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison C. Iapalucci, filed a response also in support of the circuit court's order. Petitioner filed a reply. In her appeal, petitioner raises the following five assignments of error: (1) error in terminating her parental rights without allowing her to testify and present additional witnesses at the dispositional hearing; (2) error in denying her motion for a post-adjudicatory improvement period without allowing her to testify and present additional witnesses in support of that motion; (3) violations of the West Virginia Code of Judicial Conduct by the presiding circuit court judge; (4) error in the circuit court's admission of and reliance on a sentencing transcript from a 2005 criminal proceeding against a third party; and (5) error in failing to develop the record and make a ruling on the issue of post-termination visitation with C.L.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, this Court recognizes that L.J. has reached the age of majority (eighteen) and is no longer under this Court's jurisdiction for abuse and neglect proceedings. Thus, this Court will decide the issues only as they relate to the remaining child, C.L.

[2]Petitioner initially listed seven assignments of error in the "Assignments of Error" section of her brief to this Court. However, in the "Argument" section of her brief, she conflated four of those grounds and discussed only five issues. To better address the arguments on appeal,

(continued . . .)

(continued . . .)
we have restated petitioner's assignments of error herein to reflect the five issues raised and developed in her argument.

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition against petitioner and the children's fathers regarding C.L. and L.J. In its petition, the DHHR alleged that multiple acts of abuse and/or neglect occurred over a period of many years and continued at the time of the petition's filing. Specifically, the DHHR alleged that petitioner repeatedly exposed the children to inappropriate people including M.L., whom she married and brought into her home knowing that he was a registered sex offender for committing incest against his minor daughter. Further, the DHHR alleged that, while in a relationship with petitioner, M.L. committed attempted incest against petitioner's oldest daughter, S.W.[3] In approximately 2005, M.L. was arrested, convicted, and sentenced to prison for one to three years for his attempted sexual crime against S.W. According to the DHHR, petitioner sided with M.L. and not S.W. during the 2005 criminal proceedings, and petitioner invited M.L. back into her home after his release from prison in approximately 2006. Reportedly, M.L. sexually abused L.J. in 2008 while residing in petitioner's home. The DHHR further alleged that L.J. had "run away" at the time of the petition's filing, but, without having yet found her child, petitioner moved to the State of Ohio. Before moving, petitioner was said to have changed the locks on her West Virginia home and to have placed a "No Trespassing" sign on the home that specifically referred to L.J. The DHHR's allegations also included claims that petitioner "yell[ed] and cuss[ed]" at C.L., which frightened the child, and that petitioner would slam doors and throw things in anger.

In September of 2015, the circuit court held an adjudicatory hearing. At that hearing, petitioner stipulated to the abuse and neglect of her children in that (1) after M.L. sexually abused S.W., petitioner allowed him to move back into the home with her children at which time he sexually abused L.J.; and (2) L.J. was missing when petitioner moved to Ohio. At that hearing, petitioner also admitted that when M.L. was released from prison for molesting S.W., petitioner "took S.W. to the prison to pick him up to bring him back to her home[.]" In its adjudicatory order, the circuit court found petitioner to be an abusing parent. The circuit court also found that petitioner was present at M.L.'s sentencing hearing in 2005 and that she argued that M.L. should not be sent to prison at that time.

Thereafter, petitioner moved for a post-adjudicatory improvement period and moved for a psychological evaluation. In October of 2015, the circuit court granted petitioner's motion to be evaluated by a psychologist. In December of 2015 and January of 2016, petitioner was evaluated by Dr. Bobby Miller, a licensed psychiatrist. In his report, Dr. Miller found that petitioner suffered from Borderline Personality Disorder and stated that she had suffered trauma in her prior relationships. Dr. Miller concluded that petitioner was capable of parenting her children if provided the proper treatment.

---

[3]At the time of the petition's filing, S.W. was an adult and, therefore, was not included as a party in these proceedings.

In January of 2016, the DHHR filed a motion to terminate petitioner's parental rights to the children. From January to early March of 2016, petitioner filed witness/exhibit lists and supplemental witness/exhibit lists including descriptions of the evidence to be presented which focused on petitioner's psychological assessment and whether services could be rendered to improve petitioner's parenting. On March 3, 2016, the week prior to the dispositional hearing, the guardian filed a disclosure of exhibits for the dispositional hearing, a motion to admit M.L.'s 2005 sentencing transcript, and a report regarding the children's best interests. In her report, the guardian recommended that the children's best interests required termination of petitioner's parental rights.

On March 8, 2016, the circuit court held a dispositional hearing. At that hearing, the circuit court acknowledged that it had directed petitioner's counsel the day before the hearing not to bring certain witnesses subpoenaed to attend and, potentially, present evidence. The circuit court granted petitioner's motion to admit certain exhibits, including a transcript from a separate proceeding and other documents. Based on the circumstances of the case, the circuit court stated as follows:

> It is unfathomable that a mother would engage in this type of behavior. There is nothing, no set of circumstances that can condone [petitioner's behavior]. . . . There are no services that the Department could possibly render to change what is an absolute inability or lack of empathy or understanding . . . there are no services that could ever be put in place to ensure that the youngest child, [C.L.], would be safe . . . . And it's for those reasons that the Court ordered that the witnesses be cancelled because they would have served no purpose. It's a case of aggravated circumstances of subjecting these children to sexual assault and abuse knowingly on a repeated[,] long[-]term[,] chronic basis. And the Department is not obligated to provide services. And as a result[,] it's now ordered . . . that [petitioner's] parental rights to the two children . . . be terminated and held for naught.

Petitioner objected to the circuit court's rulings on several grounds. On June 1, 2016, the circuit court entered an order terminating petitioner's parental rights to C.L. and L.J. The circuit court also ordered the multidisplinary team ("MDT") to decide whether petitioner's post-termination visitation with C.L. was in the child's best interests.[4] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[4]Petitioner states that she was not provided post-termination visitation with C.L. at any time.

3

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). "Absent a few exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard.' Syl. Pt. 1, in part, McDougal v. McCammon, 193 W.Va. 229, 455 S.E.2d 788 (1995)." Syl. Pt. 9, in part, *Tudor v. Charleston Area Medical Center, Inc.*, 203 W.Va. 111, 506 S.E.2d 554 (1997).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without allowing her to testify and present additional witnesses at the dispositional hearing. Petitioner correctly notes that she is entitled to due process of law and a meaningful opportunity to be heard and present evidence in these proceedings. *See* Syl. Pt. 3, *Lindsie D.L. v. Richard W.S.*, 214 W.Va. 750, 591 S.E.2d 308 (2003) (holding that "[t]he Due Process Clauses of Article III, Section 10 of the Constitution of West Virginia and of the Fourteenth Amendment of the Constitution of the United States protect the fundamental right of parents to make decisions concerning the care, custody, and control of their children"); W.Va. Code § 49-4-601(h) (providing, in relevant part, that a parent in an abuse and neglect proceeding "shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses"). However, it is also true that a circuit court has the discretion to rule on the admissibility of evidence. This Court has explained that "[t]he West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings. Thus, rulings on the admission of evidence . . . are committed to the discretion of the trial court." *Tudor*, 203 W.Va. 111, 114, 506 S.E.2d 554, 557, syl. pt. 9, in part (citing Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995)).

To support her argument, petitioner claims that it was clear error for the circuit court to contact her counsel before the dispositional hearing and direct her to cancel her subpoenaed witnesses. The DHHR and guardian argue that the circuit court's action only sought to limit evidence on petitioner's pending motion for an improvement period. Because they claim that petitioner's motion had no merit, the DHHR and guardian assert that the circuit court was within its discretion to deny petitioner the opportunity to present those witnesses. We agree.

Although the hearing was scheduled for disposition, petitioner's motion for an improvement period was pending at that time. Petitioner's witness/exhibit lists provided detail as to what each witness would supply at the hearing, and her witnesses would have supported her

claims that she had received and complied with certain parenting services and otherwise deserved time to demonstrate her potential to reunify with her children. As there was no discussion at the dispositional hearing of petitioner's own testimony, we cannot find on the record before us that the circuit court improperly limited petitioner's opportunity to be heard. Further, we find that the circuit court's limitation of petitioner's presentation of additional witnesses related to her then-pending motion for an improvement period. We have long held that the decision to grant or deny a parent's motion for an improvement period in an abuse and neglect proceeding is a discretionary decision left to the sound judgment of the circuit court. Syl. Pt. 2, in part, *In re Lacey P*., 189 W.Va. 580, 433 S.E.2d 518 (1993) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We also note that the record shows that the circuit court admitted some of petitioner's exhibits into the record at the dispositional hearing.

Therefore, while we agree with petitioner and recognize that a parent in an abuse and neglect proceeding has the right to due process and a meaningful opportunity to be heard and present/cross-examine witnesses, we find that under the limited circumstances of this case, petitioner's rights were not violated. Having reviewed the record on appeal, the parties' arguments, and pertinent legal authority, we find that the circuit court did not abuse its discretion in ruling on the admissibility of evidence relating to petitioner's then-pending motion for an improvement period at the time of disposition.

Petitioner next argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period without allowing her to testify and present additional witnesses in support of that motion. As noted above, circuit courts have significant discretion in deciding whether to grant or deny a parent's motion for an improvement period in an abuse and neglect proceeding. Syl. Pt. 2, in part, *In re Lacey P*., 189 W.Va. 580, 433 S.E.2d 518. Circuit courts also have discretion to rule on the admissibility of evidence in those proceedings. *Tudor*, 203 W.Va. 111, 114, 506 S.E.2d 554, 557, syl. pt. 9, in part (citing Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995)).

In this case, the circuit court found that petitioner was not entitled to an improvement period because "there are no services that could ever be put in place to ensure that the youngest child, [C.L.], would be safe[.]" Further, due to the nature of the abuse at issue, this case involved aggravated circumstances that relieved the DHHR of its obligation to make reasonable efforts to preserve the family. W.Va. Code § 49-4-604(b)(7) (providing that child sexual abuse constitutes aggravated circumstances that relieve DHHR of obligation to make reasonable efforts to preserve the family). We note that while petitioner was not permitted to present witnesses in support of her motion, documentary evidence, including Dr. Miller's report, was before the circuit court reflecting petitioner's position. Following a thorough review of this issue, we find no reversible error in the circuit court's denial of petitioner's motion for an improvement period. Given the significant discretion afforded circuit courts in considering such motions and the aggravated circumstances present in this case, we find no merit to petitioner's claims in this regard.

Next, petitioner argues that the presiding circuit court judge violated the West Virginia Code of Judicial Conduct by having his law clerk contact petitioner's counsel before the dispositional hearing and tell her to cancel her subpoenaed witnesses because they "would have

5

served no purpose." Notwithstanding petitioner's arguments, she fails to cite any authority for the proposition that a potential violation of the Judicial Code, assuming arguendo that any occurred, constitutes reversible error. We decline petitioner's invitation to issue such a holding under the circumstances of this case. "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains[.]" Syl. Pt. 2, in part, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). For those reasons, we find that petitioner has failed to establish reversible error on this ground. We decline to further address the merit of petitioner's claim regarding ethical misconduct.

Petitioner next asserts that the circuit court erroneously admitted into evidence, and relied upon, the sentencing transcript from M.L.'s 2005 criminal proceeding. Petitioner asserts that she was served with the transcript as a potential exhibit on March 7, 2016—one day prior to the dispositional hearing. She claims that the late notice of the transcript's use against her did not provide her adequate time to review it and gather evidence in her defense. In support of her argument, petitioner relies upon Rule 30 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, which provides as follows:

> At least five (5) judicial days prior to the disposition hearing, each party shall provide the other parties, persons entitled to notice and the right to be heard, and the court a list of possible witnesses, with a brief summary of the testimony to be presented at the disposition hearing, and a list of issues of law and fact. Parties shall have a continuing obligation to update information until the time of the disposition hearing.

Petitioner further claims that the transcript was prejudicial evidence relied upon by the circuit court in terminating her rights to the children.

Contrary to petitioner's argument, Rule 30 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings does not expressly control the exchange of exhibit lists prior to the dispositional hearing in an abuse and neglect proceeding. The clear language of Rule 30 applies solely to "a list of possible witnesses[.]" Petitioner does not assert error with regard to the guardian's failure to provide a list of possible witnesses. Further, assuming arguendo that Rule 30 applied to the facts of this case, we have held that the procedural technicality of failing to provide a witness list in compliance with Rule 30 must give way to the best interests of the children under certain circumstances. *See In re Tyler D.*, 213 W.Va. 149, 578 S.E.2d 343 (2003) (where guardian failed to provide witness list in compliance with Rule 30, this Court stated "a mere procedural technicality does not take precedence over the best interests of the children"); Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (stating that "[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children"). It is also important to note that the guardian's motion to admit the transcript was filed on March 3, 2016, and the certificate of service attached thereto provides that petitioner was served with that motion by email on that date. Therefore, we find that this ground is not supported by the applicable rules of law or by the facts of the case as they appear in the record on appeal.

6

Finally, petitioner argues that the circuit court failed to comply with this Court's holding in *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) regarding post-termination visitation. According to petitioner, the circuit court erroneously directed the MDT to decide whether post-termination visitation was in the children's best interest without making the findings or rulings required by *Christina L.* With respect to post-termination visitation, we have held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court *may* nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well[ ]being and would be in the child's best interest.

*Christina L.*, 194 W. Va. 446, 460 S.E.2d 692, syl. pt. 5 (emphasis added); *see also* W.Va. R. P. for Child Abuse and Neglect Proc. 36(c) (providing that "[t]he court also *may* include in the disposition order the following information . . . [t]erms of visitation") (emphasis added). Under *Christina L.* and Rule 36 of the Rules of Procedure for Child Abuse and Neglect Proceedings, the decision to grant post-termination visitation is discretionary.

In this case, petitioner provides no authority to support her claim that a circuit court abuses its discretion by directing the MDT to consider whether post-termination visitation is in the children's best interests. *Christina L.* and Rule 36 clearly provide the circuit court with the discretion to determine whether post-termination visitation is appropriate. Further, to the extent petitioner argues that she was entitled to post-termination visitation because twelve-year-old C.L. reportedly wishes to visit with petitioner, we note that the child's wishes are but one factor to consider. Under *Christina L.*, the child's wishes do not alone entitle a person to post-termination visitation with a child. Based on the circumstances of this case, we find no abuse of discretion in the circuit court's order regarding post-termination visitation.

For the foregoing reasons, we hereby affirm the circuit court's June 1, 2016, order.

Affirmed.

**ISSUED**: December 12, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARATELY:**
Justice Brent D. Benjamin
Justice Robin Jean Davis

**Benjamin, Justice, dissenting, with whom Davis, Justice, joins:**

We have explained that the interest of parents in the care, custody, and control of their children is a fundamental, constitutional liberty interest protected by due process of law. *See* Syl. Pt. 3, *Lindsie D.L. v. Richard W.S.*, 214 W.Va. 750, 591 S.E.2d 308 (2003) (holding that "[t]he Due Process Clauses of Article III, Section 10 of the Constitution of West Virginia and of the Fourteenth Amendment of the Constitution of the United States protect the fundamental right of parents to make decisions concerning the care, custody, and control of their children."); *see also Troxel v. Granville*, 530 U.S. 57, 65 (2000) (explaining that "[t]he liberty interest at issue in this case—the interest of parents in the care, custody and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court."). Further, West Virginia Code § 49-4-601(h) provides, in relevant part, as follows: "Right to be heard. – In any [abuse and neglect], proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." *See* W.Va. R. P. Child Abuse and Neglect Proc. 35 (providing that "[w]hen termination of parental rights is sought and resisted, the court shall hold an evidentiary hearing on the issues thus made, including the issues specified by statute and make such findings with respect thereto as the evidence shall justify."); *see also In re Darrien B.*, 231 W.Va. 25, 743 S.E.2d 333 (2013) (vacating termination order where circuit court denied parent opportunity to present certain witnesses at final hearing and remanding for further proceedings).

In this case, while I agree that a circuit court has wide discretion in ruling on evidentiary matters and in considering a parent's motion for an improvement period, that discretion is not boundless. *See* Syl., in part, *In re: Gordon G.*, 216 W.Va. 33, 602 S.E.2d 476 (2004) (holding that "'[t]he West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings. Thus, rulings on the admission of evidence . . . are committed to the discretion of the trial court."); W.Va. Code § 49-4-610 (providing that a circuit court may grant/deny improvement periods in abuse and neglect proceedings). Contrary to respondents' arguments, the circuit court did not limit its ruling to evidence related to petitioner's motion for a post-adjudicatory improvement period. Instead, the circuit court issued a broad restriction on petitioner's opportunity to present any witnesses, including herself, at the March 8, 2016, hearing. One day before that hearing was to occur, the circuit court expressly ordered petitioner to cancel "any witnesses" subpoenaed to appear thereat. Then, during the hearing, petitioner was not provided any opportunity to present witnesses, to testify on her own behalf, or to argue her position on the admissibility of her potential witnesses' testimony. Therefore,

the circuit court made its ruling without any individual examination or determination of what testimony, or areas of testimony, petitioner sought to present or what she sought to establish through her dozens of proposed fact and expert witnesses. For those reasons, I do not believe that the circuit court acted within its discretionary authority when it prohibited petitioner from presenting any witnesses at the dispositional hearing.

Further, I do not agree that aggravated circumstances, which were found in this case, relieve a parent of the opportunity to be heard and to present and cross-examine witnesses at a dispositional hearing in an abuse and neglect proceeding. West Virginia Code § 49-4-604(b)(7) provides, in relevant part, that the DHHR "is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child, another child of the parent or any other child residing in the same household . . . to aggravated circumstances which include, but are not limited to . . . sexual abuse." Therefore, under this provision, the finding that petitioner subjected the children to sexual abuse freed the DHHR of its obligation to make reasonable efforts to preserve the family unit. While a finding of aggravated circumstances in an abuse and neglect proceeding may speak to a parent's ability to correct the conditions of abuse or neglect and/or to the children's best interests, that finding does not relieve a parent of her right to a meaningful opportunity to be heard. A finding of aggravated circumstances also does not automatically relieve a circuit court of its obligation to impose less-restrictive dispositional alternatives in all instances. *See* Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980) (holding that "[a]s a general rule the least[-]restrictive alternative regarding parental rights to custody of a child . . . will be employed"); W.Va. Code § 49-4-604(b) (providing that "[circuit] court shall give precedence to dispositions in the following sequence:" (1) Dismiss; (2) Refer to a community agency and dismiss; (3) Return the child under supervision of the DHHR; (4) Order supervision; (5) Commit the child temporarily to the state, a licensed private child welfare agency, or a person who may be appointed guardian; (6) Terminate the parental, custodial and guardianship rights and responsibilities of the abusing parent). Under respondents' arguments, a dispositional hearing would never be necessary in any case where aggravated circumstances are found.

We have held as follows:

"'Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.' Syl. Pt. 5, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001)." Syl. Pt. 5, *In re T.W.*, 230 W.Va. 172, 737 S.E.2d 69 (2012)."

9

*In re Darrien B.*, 231 W.Va. at 25, 743 S.E.2d at 334, syl. pt. 3.  I dissent because I would vacate the circuit court's June 1, 2016, order terminating petitioner's parental rights to C.L. and L.J. and remand for a new dispositional hearing as to C.L. wherein petitioner has a meaningful opportunity to be heard and to present and cross-examine witnesses, unless their testimony is specifically found to be inadmissible on a cognizable legal ground. I would further direct that the DHHR should retain legal custody of C.L., who should remain in her current physical custody as previously ordered below, until otherwise directed by the circuit court in its sound discretion.

.